THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00136-MR-DLH

| | |
|---|---|
| VELDA JEAN GODFREY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Consent Motion for Entry of Order Accepting the Parties' Settlement Agreement on Attorney's Fees. [Doc. 23].

The Defendant moves the Court to enter an Order accepting the parties' resolution regarding the payment of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). [Doc. 23]. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that his position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust,

the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA and that the parties' settlement regarding the payment of those fees should be accepted.

The Plaintiff requests that the EAJA award be paid directly to his counsel as his assignee. In support of his request, the Plaintiff has submitted an Affidavit and Waiver of Direct Payment of EAJA Fees, by which Plaintiff agrees to assign such fees to counsel. [Doc. 23-3]. The Court finds that the Commissioner should accept this assignment of the awarded fees by the Plaintiff to his attorney and upon receipt of such assignment, the Commissioner will pay that award of fees directly to Plaintiff's counsel, provided that it is shown that as of the date of this Order, the Plaintiff does not owe any debt to the United States Government which is subject to offset. See Astrue v. Ratliff, __U.S. __, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010).

**IT IS, THEREFORE, ORDERED** that the Defendant's Consent Motion for Entry of Order Accepting the Parties' Settlement Agreement on Attorney's Fees [Doc. 23] is hereby **GRANTED**, and the Plaintiff is hereby awarded attorney's fees in the amount of Four Thousand and Twenty

Dollars and Fifty Cents ($4,020.50), which sum is in full satisfaction of any and all claims by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that the Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset no later than thirty (30) days from entry of this Order. Within the same time period, the Plaintiff shall provide a valid fee assignment to the Defendant.

**IT IS FURTHER ORDERED** that in the event that past-due benefits are awarded on remand, the Plaintiff shall have thirty (30) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that no additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**

Signed: February 18, 2013

Martin Reidinger
United States District Judge